**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ABEER M., | ) | |
| | ) | |
| Plaintiff, | ) | No. 25-cv-8004 |
| | ) | |
| v. | ) | Magistrate Judge Keri L. Holleb Hotaling |
| | ) | |
| FRANK BISIGNANO, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Abeer M.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") ("SSA") denying her disability benefits. The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment [Dkt. 16] is DENIED and Defendant's motion for summary judgment [Dkt. 21] is GRANTED. The final decision of the Commissioner is affirmed.

## 1. Procedural History

On October 5, 2022, Plaintiff protectively filed an application for disability and disability insurance benefits and supplemental security income, alleging disability beginning October 1, 2018. [Administrative Record ("R.") 125.] The claim was denied initially and on reconsideration. *Id*. On September 12, 2024, after an Administrative Hearing, an Administrative Law Judge ("ALJ") found Plaintiff was not disabled. [R. 125-140.] The Appeals Council denied review on June 6, 2025 [R. 1], rendering the ALJ's September 12, 2024 decision the final decision of the

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Plaintiff has filed a "Memorandum in Support of Motion for Summary Judgement" [Dkt. 16], which the Court construes as a motion for summary judgment. Defendant filed a "Response to Plaintiff's Motion for Summary Judgement" [Dkt. 21], which the Court treats as a cross motion for summary judgement.

Commissioner. 20 C.F.R. §404.981. On July 15, 2025, Plaintiff filed this action seeking review of the Commissioner's decision. [Dkt. 1.]

**2. The ALJ's Decision**

In his decision, the ALJ analyzed Plaintiff's claim following the SSA's usual five-step evaluation process to determine whether Plaintiff was disabled. [R. 125-140.] At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 1, 2018, the alleged onset date. [R. 127.] At Step Two, the ALJ found Plaintiff had the severe impairments of scleroderma; lumbar spondylosis; degenerative joint disease of the left knee; degenerative joint disease of the left hip; diabetes mellitus; neuropathy of the right foot; obesity; major depressive disorder; generalized anxiety disorder; panic disorder; and post-traumatic stress disorder ("PTSD"). [R. 128.] At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App'x 1 (20 C.F.R. 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926). *Id*. In determining Plaintiff's mental impairments, the ALJ also analyzed the so-called Paragraph B and Paragraph C criteria for assessing mental impairments. The ALJ found Plaintiff had (i) a mild limitation in understanding, remembering or applying information, (ii) a moderate limitation in interacting with others, (iii) a moderate limitation in concentrating, persisting or maintaining pace, and (iv) a mild limitation in adapting or managing oneself. [R. 130.] The ALJ further found the evidence of record failed to establish the presence of Paragraph C criteria. [R. 131.]

Before Step Four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> can never climb ladders, ropes, or scaffolds, occasionally climb ramps and stairs, balance, stoop, kneel, crouch or crawl; avoid concentrated exposure to extreme cold, vibration or hazards such as unprotected heights and dangerous moving machinery.

> The claimant is able to perform simple, routine tasks, with no interaction with the public, and occasional interaction with coworkers; is able to work in a low stress job meaning no more than ordinary and routine changes in work setting or duties.

[R. 131.]

At Step Four, the ALJ concluded Plaintiff had no past relevant work. [R. 138.] At Step Five, after considering the Plaintiff's age, education, work experience and RFC, the ALJ found Plaintiff capable of performing other jobs existing in significant numbers in the national economy. [R. 139.] Specifically, the ALJ determined Plaintiff would be able to perform the requirements of parts assembler (DOT# 706.984-022), sorter (DOT# 222.687-022), and inspector/packer (DOT# 559.687-074). *Id*. Accordingly, the ALJ found Plaintiff was not disabled from the alleged onset date through the date of the decision. [R. 140.]

**3. Social Security Regulations and Standard of Review**

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. 20 C.F.R. § 404.131; *Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017). In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018); *Hess v. O'Malley*, 92 F.4th 671, 676 (7th Cir. 2024); *see also* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted). Even where "reasonable minds could differ" or an alternative position is also supported by substantial evidence, the ALJ's judgment must be affirmed if supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). This "lax" standard is satisfied when the ALJ "minimally articulate[s] his or her justification for rejecting or accepting specific evidence of a disability." *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008) (internal

signals omitted) (citing *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004)). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build[] an accurate and logical bridge from the evidence to [their] conclusion." *Hess*, 92 F.4th at 676; *Lincoln v. Bisignano*, No. 24-cv-2668, 2026 WL 1097737, at *2 (7th Cir. 2026). Finally, while reviewing the Commissioner's decision, the Court does not second-guess the ALJ's judgment – the Court may not "substitute [its] own judgment for that of the Commissioner [,] reconsider facts, reweigh the evidence, resolve conflicts in the evidence, or decide questions of credibility." *Fitschen v. Kijakazi*, 86 F.4th 797, 802 (7th Cir. 2023).

**4. Discussion**

Plaintiff contends the ALJ (a) erred in rejecting examining physician, Dr. Qureshi's opinion that Plaintiff could not stand for long periods and (b) did not provide legally sufficient reasons for rejecting treating psychiatrist, Dr. Lemke's opinions. The Court disagrees on both accounts.

**a. The ALJ's Error in Evaluating Dr. Qureshi's Opinion Was Harmless**

Plaintiff claims the ALJ erred in evaluating Dr. Qureshi's opinion and that the ALJ's rejection of Dr. Qureshi's opinion that Plaintiff is "unable to stand for long periods of time" was unreasonable, if not pretextual. [Dkt. 16 at 9-13.] While the ALJ failed to evaluate the persuasiveness of Dr. Qureshi's medical opinion using the SSA's supportability and consistency framework, the Court finds this error was harmless.

In evaluating a medical opinion, an ALJ is required to articulate how persuasive they found the medical opinion and evaluate the supportability and consistency (among other factors) of the opinion with the record. 20 C.F.R. § 404.1520c(b)(2). Supportability refers to "the objective medical evidence and supporting explanations presented by a medical source" to support their opinion. 20 C.F.R. § 404.1520c(c)(1). Consistency refers to the consistency of a "medical

opinion(s)…with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2). Here, the ALJ failed to address the supportability or consistency of Dr. Qureshi's opinion and merely stated that Dr. Qureshi's opinion was "vague, ambiguous, and undefined as to 'unable to stand for long periods of time.'" [R. 137.] The Seventh Circuit considers this omission to be "clear legal error." *Liapis v. Bisignano*, 180 F.4th 946, 952 (7th Cir. 2026).

However, despite the ALJ's error, the Court finds that ultimately, this error was harmless. "In assessing whether an error is harmless, we examine the record to determine whether we can 'predict with great confidence what the result of the remand will be.'" *Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021) (quoting *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011)). Here, even if the ALJ properly articulated the supportability and consistency factors with respect to Dr. Qureshi's opinion, given the ALJ's discussion of the other medical opinions in the record, the Court is "convinced that the ALJ [would] reach the same result." *See McKinzey*, 641 F.3d at 892; *Liapis*, 180 F.4th at 953 (finding the ALJ's error in omitting discussion of the supportability and consistency factors, among other errors, to be harmless where the Court was convinced the ALJ would ultimately reach the same result).

The ALJ limited Plaintiff to light work after discussing at least three other medical opinions which found Plaintiff capable of the same. [R. 137-138.] The Social Security Regulations ("SSR") define light work as requiring "a good deal of walking or standing" which equates to "approximately 6 hours of an 8-hour workday." SSR 83-10; 20 C.F.R. § 404.1567(b); 20 C.F.R. § 416.967(b). State agency medical consultant Dr. Ryan [R. 182-184], state agency medical consultant Dr. Gotanco [R. 223-225], and Plaintiff's own physician Dr. Brenner [R. 936-938] each found Plaintiff capable of light exertional work and specifically, capable of standing and walking at least 6 hours in an 8-hour day [R. 137-138]. The ALJ properly evaluated the supportability and

consistency of the state agency medical opinions, detailing that Dr. Ryan and Dr. Gotanco "supported their findings with an explanation and review of the evidence, and their findings are consistent with the evidence of record[.]" [R. 137.] With respect to Dr. Brenner's opinion, the ALJ found that "[w]hile [Dr. Brenner] did not support the opinion with a detailed explanation, the [ALJ] generally [found] this opinion persuasive to the extent that i[t] supports that the claimant is limited to a light range of exertional work." [R. 138.] Further, the ALJ noted the consistency of Dr. Brenner's opinion with the state agency medical consultants' findings. [R. 137.] The ALJ's detailed review of these medical opinions, and the ALJ's findings that these opinions were supported and consistent with each other, indicate that had the ALJ properly articulated the supportability and consistency of Dr. Qureshi's opinion in finding the opinion unpersuasive, the ALJ would have found Dr. Qureshi's opinion, at minimum, inconsistent with the other opinions of record[3] and thus, the ALJ would not have changed the RFC he ultimately issued.

Plaintiff further argues the ALJ was unreasonable in dismissing Dr. Qureshi's opinion because the ALJ found Dr. Qureshi's opinion that Plaintiff was "unable to stand for long periods of time" to be vague, ambiguous, and undefined. [Dkt. 16 at 9-13.] Plaintiff attempts to draw a parallel in the terminology that Dr. Qureshi used with the SSR's use of the term "prolonged" in SSR 83-12 as an indication that Dr. Qureshi's opinion was not vague, ambiguous, and undefined. [Dkt. 16 at 10.] While true that SSR 83-12 does use the term prolonged, SSR 83-12 does not define what the prolonged standing or walking requirement for work at the light exertional level is. SSR 83-12. In contrast, SSR 83-10 clearly states "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10. The

[3] Plaintiff's reply contains the argument that the ALJ's reliance on medical records which pre-date Dr. Qureshi's opinion indicates that the ALJ's analysis was pretextual. [Dkt. 22 at 4-6.] SSR 16-3p requires ALJs "to consider all of the evidence in an individual's record[.]" As the ALJ considered all evidence here (and this is seemingly what Plaintiff takes an issue with), the Court will not address this argument.

ALJ's conclusion that Dr. Qureshi's opinion was vague, ambiguous, and undefined thus is not unreasonable nor pretextual.

Lastly, Plaintiff argues the ALJ should have recontacted Dr. Qureshi for clarification on his opinion if he did not know what Dr. Qureshi meant by his opinion about standing. [Dkt. 16 at 12.] However, an "ALJ is entitled to evaluate the evidence and explanations that support a medical source's findings…[and] need not recontact the source every time she undertakes such an evaluation, but only if, as we said in *Barnett*, 'the medical support is not readily discernable.'" *Simila v. Astrue*, 573 F.3d 503, 516 (7th Cir. 2009) (quoting *Barnett v. Barnhart*, 381 F.3d 664, 669 (7th Cir. 2004)). Here, Dr. Qureshi's examination report provides sufficient evidence detailing Plaintiff's activities of daily living along with Dr. Qureshi's musculoskeletal findings which stated "[t]andem walking is normal. She has mild difficulty walking on her toes, heels, and in squatting…The claimant was able to walk with a steady gait for 50 feet without an assistive device. The range of motion of the cervical spine is full…[and] of the lumbar spine is normal." [R. 905.] This evidence was not "inadequate" for the ALJ to find Dr. Qureshi's opinion unpersuasive (though the ALJ should have engaged in a more fulsome discussion of the supportability and consistency of the opinion, as discussed above). Additionally, as detailed above, there was sufficient evidence throughout the record for the ALJ to make his disability determination. *Skinner v. Astrue*, 478 F.3d 836, 843 (7th Cir. 2007) ("ALJs may contact treating physicians for further information when the information already in the record is 'inadequate' to make a determination of disability[.]"). Accordingly, it is clear the ALJ did not find the evidence inadequate to render a decision and did not need to recontact Dr. Qureshi for clarification.

Though the ALJ committed legal error in his evaluation of Dr. Qureshi's opinion, the Court finds this error was ultimately harmless and the ALJ was not required to recontact Dr. Qureshi when the ALJ found the record to have sufficient evidence to render a decision.

**b. The ALJ Properly Evaluated Dr. Lembke's Opinion**

Plaintiff contends the ALJ erred by failing to give legally sufficient reasons for rejecting Dr. Lembke's opinion which opined that Plaintiff was far more mentally limited than the ALJ ultimately determined. [Dkt. 16 at 13-14.] Plaintiff's primary complaint is that the ALJ unreasonably relied on the absence of psychiatric hospitalization in rejecting Dr. Lembke's opinions. *Id*. Contrary to Plaintiff's contentions, the ALJ appropriately evaluated Dr. Lembke's opinion and found Dr. Lembke's opinion unpersuasive for several reasons, including Plaintiff's conservative mental health treatment.

The ALJ sufficiently articulated his reasons for finding Dr. Lembke's opinion unpersuasive. Dr. Lembke opined Plaintiff "had a high level of persistent anxiety with fear of failure and guilt about being able to work", had a marked limitation in three of the four areas of functional limitations, and that Plaintiff was "unable to work." [R. 138, 932.] The ALJ noted "the treatment notes do not support the marked or extreme limitations given the examination findings detailed above [in the decision], often showing normal mood, behavior, insight, and judgement as [Plaintiff] was cognitively intact." [R. 138.] The ALJ addressed both the supportability and consistency factors as required under 20 C.F.R. § 404.1520c(b)(2).

The ALJ further noted the lack of support in Dr. Lembke's opinion given Plaintiff was previously working and only lost her job due to a layoff and that Plaintiff had "not had any inpatient treatment for mental health." *Id*. As the Commissioner concedes, Plaintiff is correct that the Seventh Circuit has at times criticized ALJs for relying on a lack of inpatient treatment in discounting allegations of mental limitations. *See, e.g.*, *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011) ("Concluding that the claimant 'is not a raving maniac who needs to be locked up' is a far cry from concluding that she suffers no limits on her ability to function.") (*citing Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008)). However, as the Commissioner correctly points out,

an ALJ is still allowed to consider Plaintiff's treatment history. *Deborah M. v. Saul*, 994, F.3d 785, 790 (7th Cir. 2021); 20 C.F.R. § 416.929(c)(3)(v). The ALJ appropriately did so here. The ALJ's rejection of Dr. Lembke's opinion was not based solely on Plaintiff's lack of inpatient treatment for mental health; rather, this was one of several factors the ALJ considered in finding Dr. Lembke's opinion inconsistent with the record. [R. 138.] The ALJ also detailed Plaintiff's mental health treatment, including describing medication Plaintiff had taken and noted that the record suggested Plaintiff's treatment had been helpful.[4] [R. 135-136.] The Court is permitted to review the ALJ's decision holistically. *Zellweger v. Saul*, 984 F.3d 1251, 1252 (7th Cir. 2021). An ALJ need only "minimally articulate" his reasons and the ALJ did so here. *Elder*, 529 F.3d at 415. The Court finds the ALJ adequately evaluated Dr. Lembke's opinion and appropriately considered Plaintiff's treatment history and declines to remand on this basis.

**5. Conclusion**

For the foregoing reasons, the Court declines to remand this matter. Plaintiff's motion for summary judgment [Dkt. 16] is DENIED and Defendant's motion for summary judgment [Dkt. 21] is GRANTED. The final decision of the Commissioner is affirmed.

**ENTERED: September 8, 2026**

Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge

[4] Again, Plaintiff argues that the ALJ improperly relied on medical records which pre-date Dr. Lembke's opinion. [Dkt. 22 at 9-10.] As the ALJ appropriately considered all evidence of record here as required under SSR 16-3p, the Court will not address this argument.